UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21489-CIV-SEITZ/SIMONTON

AEROSOFT GMBH,

    Plaintiff,

v.

JOHN DOES 1 -50,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO THE RULE 26(f) CONFERENCE SUBJECT TO A PROTECTIVE ORDER

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference [DE-4] in this lawsuit alleging direct and contributory copyright infringement concerning the downloading and sharing of a video game titled "Airbus X." Plaintiff seeks leave to serve Internet Service Providers ("ISPs") with subpoenas pursuant to Federal Rule of Civil Procedure 45 in order to obtain the identifying information for the subscribers[1] associated with Internet Protocol addresses ("IP addresses"). Specifically, Plaintiff requests the subscribers' names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses in order to serve the Defendants with process.

Having reviewed the Complaint and the list of IP addresses attached thereto [DE-1, DE-1-1]

---

[1] A subscriber is the person who has an agreement with the ISP to use Internet service.

and Plaintiff's Motion and accompanying affidavit [DE-4, DE-5-1], the Court will grant the Motion.[2] However, the Court will issue a protective order. Pursuant to Federal Rule of Civil Procedure 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, the Court finds good cause to issue a protective order because the subscribers associated with the IP addresses identified in the Complaint may not be the individuals who illegally downloaded and shared the video game. This is because when multiple computers connect to the Internet through a router, they may share an IP address. As such, while there is a single subscriber for the IP address, numerous people may use the computers that connect to the Internet through the router that has that IP address. This could be the case in a business, household, apartment building, or a dormitory. In fact, one court recently took judicial notice of the fact that 61 percent of U.S. homes now have wireless access. *See In re BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447, at *8-*13 (E.D.N.Y. May 1, 2012) (Order and Report and Recommendation) (finding that the connection between the subscriber and copyright infringer is increasingly tenuous). Similarly, one computer may be used by multiple people. Thus, while the computer has a single IP address each time it connects to the Internet, and one subscriber, multiple people may use that computer. Thus, the subscribers are not necessarily the individuals who infringed the copyright.

Accordingly, due to the risk of false identification of infringers, a protective order is

---

[2] However, the parties are reminded that Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be joined in one action if any right to relief "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." The Court will not address, at this time, whether the Defendants are properly joined as some of the IP addresses may be owned by a single Defendant, which would render the issue of joinder moot as to those Defendants. However, for other Defendants, the Court may consider, at a later date, either upon motion or *sua sponte,* whether joinder is proper based on the fact that the subscribers were present in the swarm on different days and at different times indicating that they may not have shared the video game with each other.

2

necessary to permit the John Doe Defendants and the ISPs to challenge the subpoenas before identifying information is provided to Plaintiff and/or to advise the Court that they intend to proceed anonymously. Although the Court recognizes that the risk of embarrassment associated with allegedly illegally downloading and sharing a video game is not analogous to the risk identified in cases involving pornography, *see. e.g. Digital Sin, Inc. v. John Does 1-176*, 2012 U.S. Dist. LEXIS 10803, at *8-*11 (S.D.N.Y. January 30, 2012), the protective order is necessary due to the imprecise manner used to identify alleged infringers through IP addresses. Lastly, Plaintiff may only obtain the subscribers' names, addresses, and Media Access Control addresses as Plaintiff has not articulated why it needs the subscribers' telephone numbers and email addresses. Accordingly, upon review, it is

ORDERED that Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference [DE-4] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

From Internet Service Providers (ISPs) identified in Exhibit A to the Complaint [DE-1-1] and any other ISP identified as a provider of Internet services to one of the John Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, specifically **name, current (and permanent) address, and Media Access Control address. The subpoena shall have a copy of this Order attached.**

IT IS FURTHER ORDERED that the ISPs will have **60 days** from the date of service of the Rule 45 subpoena upon them to serve John Does 1-50 with a copy of the subpoena and a copy of this

3

Order. The ISPs may serve John Does 1-50 using any reasonable means, including written notice sent to her or his last known address transmitted either by first-class mail or via overnight delivery.

IT IS FURTHER ORDERED that John Does 1-50 shall have **30 days** from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. **The ISPs may not turn over the John Doe Defendants' identifying information to Plaintiff before the expiration of the 30-day period. Additionally, if a Defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an Order instructing the ISPs to resume in turning over the requested discovery. However, during this time, the ISPs shall preserve any subpoenaed information.**

IT IS FURTHER ORDERED that **if the 30-day period lapses without a John Doe Defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff.**

IT IS FURTHER ORDERED that any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint;

IT IS FURTHER ORDERED that Plaintiff and the ISPs who receive subpoenas shall confer, if necessary, to resolve any payment issues for the information requested in the subpoena, or for resolution of IP addresses which (a) are not controlled by the ISPs; (b) duplicate IP addresses that resolve to the same individual; (c) other IP addresses that do not provide the name and other information requested of a unique individual; or (d) for the ISPs' internal costs to notify its

4

subscribers who are the subject of the information request;

IT IS FURTHER ORDERED that any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP. Any costs claimed shall be reasonable.

DONE AND ORDERED in Miami, Florida, this 16th day of May, 2012.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All counsel of record