IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:12-cv-21489

---

AEROSOFT GMBH

Plaintiff

vs

**MOTION TO DISMISS AND/OR QUASH, AND/OR FOR PROTECTIVE ORDER, AND/OR FOR SEVERANCE FROM THE CASE, BY JOHN DOE WITH IP ADDRESS 66.177.68.216**

JOHN DOES 1-50

Defendants

_______________________________/

Defendant, JOHN DOE with IP Address **66.177.68.216** ("Doe") through the undersigned attorney, hereby files this combined Motion to Dismiss, to Quash, for Protective Order, and/or for Severance. In support hereof, Defendant states as follows:

## FACTS

1. Defendant resides in Jacksonville, Florida not in the Southern District of Florida. Defendant has no ties to the Southern District of Florida and has no agent in the Southern District of Florida and is not otherwise related to any of the 49 other John Does who may or may not reside in the Southern District of Florida.

2. Defendant's ISP carrier Comcast sent a letter to Defendant on July 24, 2012 informing Defendant that they had received a subpoena from Plaintiff, Aerosoft GMBH seeking Defendant's name, address and other private information about Defendant.

3. To date, Defendant has never been served with a complaint stating a cause of action.

4. The object of the subpoena is to get the names, addresses and private information of the 50 John Does who Plaintiff claims have violated copyright laws.

## MEMORANDUM OF LAW

Plaintiff has not presented sufficient evidence to pursue an actual lawsuit for copyright infringement against any specific John Doe. Plaintiff has lumped 50 John Does into one filing without any evidence or proof that the 50 John Does are in any legal way linked to each other. This constitutes a misjoinder of unrelated parties. Under existing law and procedure there is no basis to join Defendant with 49 other unrelated parties in one court in the Southern District of Florida where this Defendant does not live and where Defendant has no minimum contacts. Therefore, relief is warranted.

Defendant John Doe with IP address 66.177.68.216 cannot legally or procedurally be lumped in with 49 other "John Doe" defendants since there is nothing that proves these 50 people had acted together or even knew each other or have anything legally connecting each other to this lawsuit. The only apparent reason Plaintiff has joined them is to avoid paying 50 separate filing fees in proper jurisdictions and venues.

In other similar copyright infringement lawsuit cases, courts have addressed this issue of improper joinder including one West Virginia United States District Court which in response to a very similar set of facts stated, "merely committing the same type of violation in the same way does not link defendants for purposes of joinder." *West Coast Productions v. Does 1-2010*, Case No.: 3:10-CV-93 (N.D. W.Va., Dec. 16, 2010) quoting *LaFace Records v. Does 1-38*, 2008 WL 544992, *2(E.D.N.C. Feb 27, 2008). This is especially true where the only relief sought is the disclosure of the identifying information itself.

In another similar case in the United States District Court for the Eastern District of Virginia case no.; 3:11-cv-00532- JAG, an Order of dismissal was entered against the Plaintiff with potential

sanctions being imposed on the attorney for bad faith litigation tactics such as those that have likewise been engaged in the present case.

> In short, the plaintiff has failed to demonstrate any right to relief against the defendants arising out of the same transaction, occurrence, or series of transactions or occurrences. "Merely committing the same type of violation in the same way does not link the defendants together for the purposes of joinder." Laface Records, LLC v. Does 1-38, No.: 5:07-CV-298, 2008 U.S. Dist. LEXIS 14544 at *7(E.D.N.C. Feb. 27, 2008)

In yet another similar case to this one dismissals have been granted, *CP Productions, Inc. v. Does 1-300 case 1:2010cv01675.* In *CP Productions, Inc.* the court noted:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap - if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

The court went on to discuss the plaintiff's abuse of the litigation system:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.
> *(CP Productions, Inc. v. Does 1-300 case 1:2010cv01675 (dismissed ALL John Doe defendants)*

These copyright infringement cases based on allegations that defendants violated copyright laws using BitTorrent software are disfavored by other courts as well:

> Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23. *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

Further, in a case from the Northern District of California, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258* the Court found the same joinder problems and held, "This Court does not issue fishing licenses."

Finally, in another case from the Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder. The court there held:

> "This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."

Therefore, Plaintiff's joinder of 50 defendants in this single action is improper and creates unfairness by denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts for this reason as well:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .

> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants. *BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

To that end, Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

> (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the Courts have ordered severance of thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in an action where the only connection between them was

allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it is alleged to have been committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a complete copy. The nature of BitTorrent is that the work in question is first made available to other BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how popular the work is, the swarm can grow fast, or not at all. Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent.

There is no proof that any of the individual 50 defendants in this case have knowledge of each other or that they worked together in any way. Plaintiff has made no allegation that any copy of the work allegedly downloaded came jointly from any of the 50 defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Additionally, the First Amendment protects the discovery of identity of persons who communicate online. In *Sinclair v. TubesocktedD*, 596 F.Supp. 2d 128, 131-33 (D.D.C 2009), individuals who communicate anonymously online may be identified only if a plaintiff meets a multifactor test designed to balance the right to seek redress for legitimate claims against the fundamental right to communicate anonymously. The Discovery the Plaintiffs are seeking here violates the privacy rights of ISP subscribers such as John Doe with IP address 66.177.68.216 under Fla. Const. Art. I, Sec. 23 (Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein.)

In *Publix Supermarkets, Inc. v. Johnson*, 959 So.2d 1274 (Fla. 4th DCA 2007), the court recognized that names and addresses are types of identifying information that, may be protected by

the right of privacy under the Florida Constitution:

> Article I, Section 23, Florida Constitution affords Floridians the right of privacy and ensures that each person has the right to "determine for themselves when, how and to what extent information about them is communicated to others." Shaktman v. State, 553 So.2d 148, 150 (Fla. 1989). Names, addresses, and telephone numbers are forms of identity information that can be considered private and confidential information See Alterra Healthcare Corp. v. Estate of Francis Shelley, 827 So.2d 936, 945 (Fla. 2002).

If a party requests private information, the court must determine whether the need for the information outweighs the interest in maintaining its confidentiality. Id. Favalora v. Sidaway 996, So.2d 895, 899 (Fla. 4th DCA, 2008). Florida treats customer lists and specifically information about customers within a private company as confidential and subject to protection. Benada Aluminum of Florida v. Rodriguez, 712 So.2d 438 (Fla. 3rd DCA 1998).

Fundamental First Amendment protections are at stake here for anonymous speech on the internet. Only a compelling government interest can overcome such First Amendment Rights. The mere filing of a lawsuit does not make the identification of a defendant a compelling interest unless there is good reason to believe that the suit has a realistic chance of being successful. In this mass lawsuit, the Plaintiffs ask the judicial system to violate the privacy rights of the subscribers in order for Plaintiff to fish for defendants' names and other information they have no right to gain. Moreover, due to the spurious nature of the allegations Plaintiff has no chance of prevailing in any individual case against any individual Defendant the underlying case.

WHEREFORE, Defendant John Doe with IP Address **66.177.68.216** respectfully requests this Court grant this combined Motion to Dismiss and dismiss the complaint and/or to Quash and quash the Subpoena Duces Tecum attached hereto and/or for Protective Order and enter an order directing Comcast not to respond to the Subpoena Duces Tecum and/or Motion for Severance and Sever Defendant with IP Address **66.177.68.216** from the case on the grounds that the lawsuit (a) violates the Florida Constitution, (b) lacks personal jurisdiction over Defendant (c) has improperly

joined Defendant with over 49 other defendants and because (d) Plaintiff does not meet the legal requirements to overcome the First Amendment protections concerning anonymous speech.

I HEREBY CERTIFY that I have forwarded a copy of this Motion to the ISP COMCAST at FAX #: 866-947-5587 on this 9 day of August, 2012.

---

/S/ Richard M. Viscasillas
Richard M. Viscasillas, Esq.
3400 NE 192nd Street, #508
Aventura, FL 33180
Phone: 954-663-4969
Fax: 954-333-3635
E-mail: rmvpa1@comcast.net

S/ Mitchell A. Stone
Mitchell Stone, Esq.
**Stone Lockett**
1540 The Greens Way
Jacksonville Beach, FL 32250
Phone: 904-396-3335
Fax: 904-858-9819
E-mail: mitch@stonelockett.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 9, 2012, I forwarded Electronically the foregoing document to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

S/ Richard M. Viscasillas
Richard M. Viscasillas, Esq.
3400 NE 192nd Street, #508
Aventura, FL 33180
Phone: 954-663-4969
Fax: 954-333-3635
E-mail: rmvpa1@comcast.net

S/ Mitchell A. Stone
Mitchell Stone, Esq.
**Stone Lockett**
1540 The Greens Way
Jacksonville Beach, FL 32250
Phone: 904-396-3335
Fax: 904-858-9819
E-mail: mitch@stonelockett.com

SERVICE LIST

Case no.: 1:12-cv-21489
United States District Court, Southern District of Florida

**OMAR ORTEGA**
DORTA & ORTEGA, PA
3860 SW 8TH STREET, PH
CORAL GABLES, FL 33134
305-461-5454
Fax: 305-461-5226
Email: oortega@dortaandortega.com
Attorney for Plaintiff