IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21489-CIV-SEITZ/SIMONTON

AEROSOFT GMBH,

*Plaintiff*,

v.

JOHN DOES 1-50,

*Defendants*.

_________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO JOHN DOE'S MOTION TO QUASH SUBPOENA AND LITIGATE ANONYMOUSLY**

Plaintiff, Aerosoft GMBH, (hereinafter "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 45, files this Response in Opposition to John Doe's Motion to Quash Subpoena and Litigate Anonymously and states as follows:

## I. INTRODUCTION

On April 20, 2012, Plaintiff filed a Complaint and named John Does 1-50 as Defendants. [DE #1]. Plaintiff alleges in the Complaint that each Defendant installed a "BitTorrent Client" onto his or her computer which is a software program that initiates the BitTorrent protocol and used the program to copy the constituted elements of the registered work without authorization. Plaintiff has only been able to identify the John Doe Defendants by their Internet Protocol (hereinafter "IP") and the date and the time of the alleged infringement. Plaintiff is limited to this information and the only way that Plaintiff can determine the Defendants' actual names is from the information to be provided by the Internet Service Providers (hereinafter "ISPs"). The Defendants subscribe to ISPs in order to obtain internet access and the Defendants' information is readily available to the ISPs. ISPs retain this information in their regular course of business.

Therefore, on May 3, 2012, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26 (f) Conference. [DE #4]. This Court granted the Plaintiff's motion and issued an Order. [DE #6]. Thereafter, Plaintiff served approximately fifteen (15) subpoenas on the non-party ISPs, requesting the information provided by the Order and production dates. Attached to the subpoena, Plaintiff provided the ISPs with a date and time of the alleged infringement along with an IP address. ISPs responded to the subpoena and contacted the subscriber who matched the IP address at the time and date of infringement. On July 26, 2012, John Doe filed Defendant, John Doe's Motion to Quash Subpoena and Litigate Subpoena Anonymously pursuant to Fed. R. Civ. P. 26 (b)(1), (b)(2)(B), (c) and 45 (c)(3). [DE #10]. Currently, Plaintiff is only aware of one Motion to Quash Subpoena on the court's docket.

## II. MEMORANDUM OF LAW AND ARGUMENT

When a subpoena is directed to a nonparty, any motion to quash or to modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp. v. LEM Investments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who are neither the persons whom subpoenas were directed nor in possession of or in control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). Furthermore, a party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. See Fed. R. Civ. P. 45 (c)(3)(B); see also *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). All the subpoenas in the case herein were issued pursuant to this Court's Order [D.E. 6]. Specifically, the subpoenas were issued to nonparty ISPs. The ISPs provide Internet access to the potential defendants and have the information sought by the subpoena. Moreover, the ISP is the party that is in actual possession and control over the information the

subpoenas seek to obtain.

However, Rule 45(c)(3)(A)(iii) does provide that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2). Additionally, the burden of persuasion on a motion to quash is on the movant. See *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 16-17 (D.D.C. 2010) (motion for protective order); *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C.Cir. 1998) (motion to quash).

The Motion to Quash before this Court fails to provide any explanation why the information sought is subject to a privacy interest or a privilege. Defendant makes the argument that if his name, address and Media Access Control address were made available it would constitute a significant embarrassment to John Doe in the community. [D.E. 10]. Not only does this argument lack merit but also lacks adequacy. Embarrassment is neither a defense to copyright infringement nor is it considered an exception under information that is privileged or protected. Moreover, Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. See, e.g., *Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP

turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

Additionally, whatever right to anonymity the John Doe defendant may have in this context does not protect him from allegations of copyright infringement. See *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *West Bay One, Inc. v. Does 1-1653*, 270 F.R.D. 13, 16 n.4 (D.D.C. 2010) (same); *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright); see also *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d at 348-354; see also *Arista Records LLC v. Does 1-19*, 551 F.Supp.2d at 8-9 (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person--the system operator"); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d at 556 ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); *U.S. v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of copyrighted works over the Internet constitutes protected First Amendment speech, the protection afforded such speech is limited and gives way in the face of a prima facie showing of copyright

infringement. "Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d at 567; see *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d at 353-354 ("Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously. The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement. The plaintiffs therefore may obtain from ISPs information identifying the putative defendants.").

## II. CONCLUSION

In the case herein, the Plaintiff's need for disclosure outweighs the alleged First Amendment privacy interests here. Plaintiff's discovery requests are narrowly tailored to obtain the information Plaintiff needs to prosecute this lawsuit. Moreover, Plaintiff's Subpoena seeks only the identifying information necessary to proceed with litigation specifically to identify the John Doe Defendants, i.e. the John Doe Defendants' name, current and permanent address, telephone number, e-mail address, and Media Access Control address. Plaintiff will only use that information in this lawsuit. Furthermore, the Plaintiff has no other means to obtain the Doe Defendants' identifying information other than compelling the information from ISPs. Without this information from the ISPs, Plaintiff cannot name and serve those whom they allege to have infringed upon the copyright. The John Doe Defendants' identifying information is therefore critical to the Plaintiff's case.

Upon balancing the John Doe Defendant's First Amendment rights to anonymity and Plaintiff's need for the identifying information, the Court should find that the Plaintiff's need overrides the Defendant's right to use BitTorrent and to litigate anonymously.

Respectfully submitted,

**DORTA & ORTEGA, P.A.**

/s/Omar Ortega, Esq.
FL Bar No.: 0095117
Email: oortega@dortaandortega.com
3860 SW 8 Street, PH
Coral Gables, Florida 33134
Tel: (305) 461-5454
Fax: (305) 461-5226

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on August 10th, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Omar Ortega
**OMAR ORTEGA**