IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AEROSOFT GMBH,

Case No. 1:12-CV-21489-PAS

Plaintiff,

v.

DOES 1-50,

Defendants.

_____________________________/

**REPLY TO PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO JOHN DOE WITH IP ADDRESS 66.177.68.216, JOHN DOE 33, AND JOHN DOE 38'S MOTION TO DISMISS AND/ OR QUASH AND/OR FOR A PROTECTIVE ORDER AND/OR SEVERANCE FROM THE CASE [D.E. 20]**

John Does 33 and 38 (the "LS Law Does"), by and through undersigned counsel, hereby file their reply to the *Plaintiff's Omnibus Response in Opposition to John Doe with IP Address 66.177.68.216, John Doe 33, and John Doe 38's Motion to Dismiss and/or Quash and/or for a Protective Order and/or Severance from the Case [D.E. 20]*.

**ARGUMENT**

Plaintiff argues that the LS Law Does' contentions are "premature," and therefore joinder is appropriate. As the LS Law Does lay out in their motions, this Court has previously addressed the identical issues at work here, and held repeatedly that joinder is inappropriate. *E.g. Bubble Gum Productions, LLC v. Does 1-80*, 2012 WL 2953309 (S.D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80); *Sunlust Pictures, LLC v. Does 1-120*, 12-20920 [D.E. 26] (same). Plaintiff's Response recognizes this dispositive precedent, but fails to rebut it or cite a single contrary holding subsequent to the date of these prior decisions, instead simply stating that this court should "reconsider." To the contrary, in addition to this Court's prior decisions, a multitude of Courts have found it proper to consider the issue of joinder at this stage

of the litigation, where a litigant is still being identified only by an IP Address. The overwhelming trend of recent decisions across the nation conclude that joinder in cases such as this is improper.[1] Thus, the Doe defendants must be severed from this suit.

As Courts considering these suits have recently concluded,

> Under the BitTorrent Protocol, it is not necessary that each of the Does . . . participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does . . . . Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Malibu Media,* 2012 WL 3030300 at *3 (internal quotations omitted) ("adopt[ing] the reasoning seth forth by Judge Claude Hilton in *Malibu Media, LLC v. John Does 1–23,* —— F.Supp.2d ——

---

[1] Cases demonstrating the recent wave of cases rejecting joinder in identical circumstances:

- *West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al.,* D.E. 15, *Ruling,* Case 6:12-cv-01713 at *3 (WD La. August 17, 2012) (severing all Does other than Doe 17 and quashing all subpoenas to ISPs);
- *Malibu Media, LLC v. Does 1-14,* 2012 WL 3401441, Case No. 12-cv-2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but Doe 17);
- *Malibu Media, LLC v. Does 1-24,* 2012 WL 3400703, Case No. 12-cv-2070 (D. Colo. August 14, 2012) (same);
- *Malibu Media, LLC v. Does 1-5,* 2012 WL 3030300, Case No. 12-cv-1405 (D. Colo. July 25, 2012) (same);
- *Malibu Media, LLC v. Does 1-54,* 2012 WL 3030302, Case No. 12-cv-1407 (D. Colo. July 25, 2012) (same);
- *Malibu Media v. John Does 1-10,* Case No. 2:12-cv-3623-ODW(PJWx), [DE 7] (C.D. Cal. June 27, 2012) (same);
- *Malibu Media v. John Does 1-10,* Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012) (concluding that the joinder of 10 John Doe defendants was not appropriate under a BitTorrent Protocol theory);
- *Malibu Media, LLC v. John Does 1–23,* —— F.Supp.2d ——, 2012 WL 1999640 (E.D.Va. May 30, 2012);
- *In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *9* (E.D.N.Y May 1, 2012) (severing John Does);
- *Hard Drive Productions, Inc. v. Does 1-90,* 2012 WL 1094653 (N.D. Cal. March 30, 2012) (severing defendants and denying discovery);
- *Patrick Collins, Inc. v. John Does 1-23,* 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*)
- *AF Holdings, LLC v. Does* 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); and
- *Hard Drive Productions, Inc. v. John Does 1-30,* No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97).

–, 2012 WL 1999640 (E.D.Va. May 30, 2012), Judge J. Frederick Motz in *Patrick Collins, Inc. v. Does 1–23,* 2012 WL 1144198 (D. Md. April 4, 2012), and Judge Joseph C. Spero in *Hard Drive Prods., Inc. v. Does 1–188,* 809 F.Supp.2d 1150 (N.D.Cal.2011)"). Courts have the power to sever Doe defendants *sua sponte*. *E.g., Liberty Media Holdings,* 2011 U.S. Dist. LEXIS 126333 at *7-9 (severing defendants *sua sponte*).

Courts in these matters make clear that, "**even if the Court had found joinder to be proper, it would sever the remaining Defendants pursuant to the Court's discretionary authority** set forth in Federal Rules of Civil Procedure 20(b) and 21." *Id.* (emphasis added); *see also Patrick Collins, Inc. v. John Does 1-23,* 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery); *MCGIP, LLC v. Does 1-149,* 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52,* 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant).

**CONCLUSION**

The LS Law Does request that the Court sever and dismiss all Defendants. The LS Law Does further request that the Court issue a protective order and/or quash the Subpoenas and grant any further relief that it deems appropriate.

LALCHANDANI SIMON PL

By: /s/ Kubs Lalchandani
Kubs Lalchandani
Florida Bar No.: 0063966
kubs@lslawpl.com
Danny Simon
Florida Bar No.: 0016244

danny@lslawpl.com
25 SE 2nd Avenue
Suite 1050
Miami, Florida 33131
Tel: (305) 999-5291
Fax: (305) 671-9282
*Attorneys for the LS Law Does*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of August 6, 2012.

By: /s/ Kubs Lalchandani
Kubs Lalchandani, Esq.