IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-21489-CIV-SEITZ/SIMONTON

AEROSOFT GMBH,

*Plaintiff*,

v.

JOHN DOES 1-50,

*Defendants*.

_________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO JOHN DOE 17'S MOTIONS TO SEVER AND DISMISS DEFENDANTS 2-50, QUASH THE SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER PREVENTING INFORMATION, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Aerosoft GMBH, (hereinafter referred to as "Plaintiff" or "Aerosoft"), by and through undersigned counsel, pursuant to Federal Rule of Procedure files this Response in Opposition to the John Doe17's (hereinafter referred to as "John Doe"), Motion to Sever and Dismiss Defendants 2-50, Quash the Subpoena and/or Issue a Protective Order Preventing Information, and Incorporated Memorandum of Law and in support thereof states:

## I. INTRODUCTION

On April 20, 2012, Plaintiff filed a Complaint and named John Does 1-50 as Defendants. [DE # 1]. Plaintiff alleges in the Complaint that each Defendant installed a "BitTorrent Client" onto his or her computer which is a software program that initiates the BitTorrent protocol and used the program to copy the constituted elements of the registered work without authorization. Plaintiff has only been able to identify the John Doe Defendants by their Internet Protocol (hereinafter referred to

as "IP"), and the date and the time of the alleged infringement. Plaintiff is limited to this information and the only way that Plaintiff can determine the Defendants' actual names is from the information to be provided by the Internet Service Providers (hereinafter referred to as "ISPs"). The Defendants subscribe to ISPs in order to obtain internet access and the Defendants' information is readily available to the ISPs. ISPs retain this information in their regular course of business.

Therefore, on May 3, 2012, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26 (f) Conference. [DE # 4]. This Court granted the Plaintiff's motion and issued an Order. [DE # 6]. Thereafter, Plaintiff served approximately fifteen (15) subpoenas on the non-party ISPs, requesting the information provided by the Order and production dates. Attached to the subpoena, Plaintiff provided the ISPs with a date and time of the alleged infringement along with an IP address. ISPs responded to the subpoena and contacted the subscriber who matched the IP address at the time and date of infringement. On August 28, 2012, John Doe 17 filed Motion to Sever and Dismiss Defendants John Does 2-50, Quash the Subpoena, and/or Issue a Protective Order Preventing the Disclosure of John Doe 17's Personally Identifying Information, and Incorporated Memorandum of Law. [DE #19].

## II. MEMORANDUM OF LAW

### A. Relevant Legal Standard

A motion to quash a subpoena is governed by Federal Rule of Civil Procedure 45. The Rule provides that a subpoena *must* be modified or quashed if, among other things, it 'requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." *See* Fed. R. Civ. P. 45 (c)(3)(A). Additionally, "to protect a person subject to or affected by a subpoena," the Court may quash or modify a subpoena if, for example it requires "disclosing a trade secret or other confidential

research, development, or commercial information." *See* Fed. R. Civ. P. 45 (c)(3)(B); *see also AF Holdings, LLC v. Does 1-162,* 2012 WL 488217, at *2 (S.D. Fla. February 14, 2012).

For good cause shown, Federal Rule of Civil Procedure 26 permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." *See* Fed. R. Civ. P. 26(c). However, "a district court has broad discretion when fashioning protective orders," *see In re Alexander Grant & Co. Litig.,* 820 F. 2d 352, 357 (11th Circ. 1987), and the moving party has the burden of showing a particular need for protection under Rule 26 (c), *see Pensacola Firefighters' Relief Pension Fund Bd. Of Trs. V. Merrill Lynch Pierce,* 2011 WL 3512180, at *2 (N.D. Fla. July 7, 2011). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26 (c) test." *Trinos v. Quality Staffing Servs. Corp.,* 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citation omitted).

A motion to dismiss is governed by Federal Rule of Procedure 12(b) and may encompass various defenses, such as lack of personal jurisdiction and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12 (b). When the Court considers this Motion, the Court must accept all of the Complaint's allegations as true, and construe them in the light most favorable to the Plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). The plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.*

**B. John Doe's Motion lacks the standing to challenge the subpoena issued by Plaintiff to the Internet Service Providers and lacks standing to move for severance and dismissal of the Complaint.**

John Doe's Motion lacks standing to contest the subpoena, move for dismissal of the case, or to move for a protective order. When a subpoena is directed to a nonparty, any motion to quash or to modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp. v. LEM Investments Corp.,* 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who are neither the persons whom subpoenas were directed nor in possession of or in control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."); *Screen Corp. v. Storm Catcher, Inc.* 2008 WL 5049277, at *2 (S.D. Fla. November 25, 2008) (a party to an action generally may not seek to quash or modify a subpoena on behalf of the non-party to which it was issued). All the subpoenas in the case herein were issued pursuant to this Court's Order [DE # 6]. Specifically, the subpoenas were issued to non-party Internet Service Providers (hereinafter referred to as "ISP"). The ISP provides Internet access to John Doe and has the information sought by the subpoena. Moreover, the ISP is the party that is in actual possession and control over the information the subpoena seeks to obtain.

There is an exception under both the federal rules of civil procedure and case law. A court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See* Fed.R.Civ.P. 45 (c)(3)(A); *see also Anglin v. Maxim Healthcare Servs., Inc.*, 2009 WL 928305, at *1 (M.D. Fla. April 3, 2009) ("generally a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."); *Boy Racer, Inc. v. John Does 1-34,* No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 (holding that movant may not seek to quash or modify a subpoena on behalf of the non-party to

which it was issued, unless the subpoena required "disclosure of privilged or other protected matter"). However, this exception does not apply to any of the John Does as he or she has failed to provide any explanation as to why the information sought is subject to privacy interest or privileged. Moreover, Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. *See, e.g., Guest v. Leis,* 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick,* Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *U.S. v. Kennedy,* 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

Regarding the Motion to Dismiss, John Doe is not yet a party to this action and should not be allowed to stand in the shoe of an actual Defendant. John Doe has only been noticed of his or her potential status as a party defendant. Therefore, John Doe is an individual who has not been served with this action and is not a named defendant. Various Courts have held that those parties who have not been served are not yet "parties" to the action. *Sampson v. Village Discount Outlet, Inc.,* No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 115 (2d Cir. 2010)(holding that unserved individuals "were not yet parties"). The appropriate time for John Doe to move this court for dismissal is after they have been named defendants in this cause of action. *Voltage Pictures, LLC v. Does 1-5,000,* No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("The plaintiff may, based on its evaluation of putative defendants assertions, decide

not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name these defendants in order to have an opportunity to contest the merits and veracity of their defenses…"). Thereby, John Doe lacks standing to move for dismissal.

Additionally, this Court should deny all motions for protective order. Federal Rule of Civil Procedure 26 provides the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order…"). As previously mentioned John Doe is not yet a party to this action and lack the requisite standing. Nor is John Doe a party from whom the discovery is being sought. All the subpoenas issued in this case were issued to non party ISPs.

**C. Joinder is appropriate in the case herein and the Does should not be severed at this stage of the proceedings.**

Severance is governed by Federal Rule of Civil Procedure 20 (b), which states that courts "may order separate trials or make other orders to prevent delay or prejudice," and Federal Rule of Civil Procedure 21, which states that "any claim against a party may be severed and proceeded with separately." The determination whether to grant severance is left to the discretion of the district court. *See Dawley v. NF Energy Saving Corp. of Am.,* 2008 WL 3889592 at *2, (M.D. Fla. December 4, 2008) (citation omitted). The touchstone of the inquiry is "whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did." *See id.* (citation omitted).

Plaintiff understands that this Court has previously entered two separate Orders in two separate cases granting the motions to sever. *See Sunlust Pictures, LLC v. Does, 1-120*, 12-20920 [DE #26] and *Bubble Gum Productions, LLC v. Does 1-80*, 12-20367 [DE# 40]. However, the

arguments made by John Doe regarding misjoinder are premature. Plaintiff is using the subpoena to attempt to locate individuals who unlawfully downloaded the copyrighted material and distributed the works without permission so that it may serve its Complaint upon them. At this stage of the proceedings, John Doe has neither been named in this action nor have any of them been served with the Complaint. Moreover, other Courts have found joinder appropriate at this stage. *See LondSire Records, Inc.,* 542 F.Supp.2d at 180-81; *see also Nu Image, Inc. v. Does 1-3, 932,* 2012 WL 1890854 (Middle District, Florida) and *K-Beech, Inc. v. Does,* 1-57, 2011 WL 5597303 (Middle District, Florida).[1] If and when the John Doe Defendants are identified and served with the Complaint, at that point the issue of misjoinder may be raised once again by the actual parties who are involved as named defendants. The Court at that time will also have the information needed to make a legal determination as to whether misjoinder applies. *See AF Holdings, LLC v. Does,* 1-162, 2012 WL 488217 at *4, (S.D. Fla. February 14, 2012).

This Court's previously entered Orders in the cases of *Sunlust Pictures, LLC v. Does 1-120,* Case No. 1:12-cv-20920-PAS, [DE# 26] and in *Bubble Gum Productions, LLC v. Does 1-80,* Case No. 1:12-cv-20367-PAS, [DE# 40], discuss both the issue of joinder and the process of the BitTorrent Protocol. The Plaintiff respectfully requests this Court reconsider that the case herein differs for the following reasons. In these Court's Orders, there are portions which articulate that after downloading a piece of the file, each user automatically becomes a source for this piece. The various members of the swarm continue to exchange pieces with one another. It is this exchanging of

---

1 Additional cases that found joinder appropriate include: *Digital Sin v. Does*, 1-176, 2012 WL 263491 (S.D.N.Y. 2012); *Third Degree Films, Inc. v. Does 1-108,* 2012 WL 669055 (D.Md. 2012); *Pacifica Intern v. Does, 1-31,* 2012 WL 2129003 (N.D. Ill. 2012); *Diabolic Video Productions, Inc. v. Does, 1-2099* (N.D. CAL); *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F.Supp.2d 332 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520 (BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829,* Civ. No. 11-57 (CKK), 275 F.R.D. 9, 2011 WL 2292239, at *5-*6 (D.D.C. June 10, 2011); *First Time Videos, LLC v. Does 1-76*, 11-38331 (N.D. Ill.

pieces of the file that are subsequently aggregated into the whole file that facilitates faster file sharing than if each user was required to share the entire file with other users. However the case herein is distinguishable for a variety of reasons. The process utilized by SKB is different than that discussed in *Liberty Holdings.*

BitTorrent protocol is intended to share a file, thus downloading implies uploading. In the system operated by SKB, uploading and downloading are distinguished. Only the upload is logged by the system. This Court stated in the Orders that "the Doe Defendants' decision to obtain BitTorrent protocol and download the same video does not in and of itself constitute the same transaction, occurrence, or series of transactions or occurrences." See *Sunlust Pictures, LLC v. Does 1-120,* Case No. 1:12-cv-20920-PAS, [DE# 26]; *Bubble Gum Productions, LLC v. Does 1-80*, Case No. 1:12-cv-20367-PAS, [DE# 40]. This is because the BitTorrent protocol facilitates the transactions between users, and "much of the BitTorrent protocol operates invisibly to the user-after downloading a file, subsequent uploading takes place automatically if the user fails to close the program." *Id.* This Court goes on to state that users are doing nothing more than initiating the file sharing process by obtaining BitTorrent protocol and selecting a file for downloading. (See Order in Case No.1:12-cv-20367, DE #40 Page 7). However, by doing so, the user automatically accepts acting as a content source for others on the BitTorrent network, and thus uploading parts to any other peer of the content he is downloading. By contrast, the SKB logger merely acquires meta-information from the users-as defined by the BitTorrent protocol. In response, the Does in this case are all Does who are involved in the uploading of the whole content by parts to the SKB logger and therefore they were involved in the transaction together of the data flow from Does to SKB logger. (DE #5, Attachment #5).

---

August 16, 2011); *Imperial Enterprises, Inc. v. Does 1-3, 145,* No. 11-0529 (D.D.C. August 30, 2011)

In *Patrick Collins, Inc. v. Does 1-2,590,* (2011) the court stated that "the Plaintiff has provided a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A). Additionally, the Court found that the Plaintiff provided enough specificity to make a preliminary determination that the 2,590 Doe Defendants were part of the swarm and went on to note that the Doe Defendants were each a possible source for the Plaintiff's copyrighted work, and distributing to copy the identical copyrighted material. The Court's analysis in *Patrick Collins* goes on to state that even though the Doe Defendants may be able to rebut the allegations later, the Plaintiffs have sufficiently alleged that their claims against the defendants potentially stem from the same transaction or occurrence, and are logically related. *See Id.; see also Arista Records LLC v. Does 119,* 551 F.Supp.2d 1, 11 (D.D.C.)("While this Court notes that the remedy for improper joinder is severance and not dismissal,…the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.")

This Court also considered the issue of fundamental fairness in asserting permissive joinder and specifically cited the case of *Liberty Media Holdings, LLC* in the Orders entered. Even though each Doe may assert a different defense and present different factual issues and legal defenses at a later stage of litigation, the commonality of the legal claims at this time supports joinder. *Raw Films, Ltd v. Does 1-8,* 2012 WL 1432212, at *3 (S.D. Md. April 30, 2012). Additionally, the interests of judicial efficiency also weigh in favor of joining these claims, and doing so may be more beneficial for the Doe Defendants. *Id. citing London-Sire Records, Inc. v. Doe 1,* 542 F.Supp.2d 153, 161 (D.

Mass. 2008) (finding that consolidating a group of similar cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have rasied."). Moreover, joinder is an essential tool in serving to protect Plaintiff's interests in the material from copyright infringement.

Furthermore, the court in *Call of the Wild*, found that Rule 20(a)(2)(A) requires that claims asserted against joined parties to be logically related and that this is a flexible test and courts seek the "broadest possible scope of action." *Call of the Wild v. John Does*, 770 F.Supp.2d 343, 344. This same court recognized that each defendant may later present different factual and substantive legal issues defenses however it still found that the commonality of the facts and legal claims were sufficient enough to support joinder under Rule 20(a)(2)(B) at this stage of the proceedings. *Id.* at 344.

In the case herein, the Doe Defendants are logically related and, Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence. Plaintiff respectfully requests this Court deny the Motions to Sever, Dismiss or for Protective Order.

**D. The First Amendment's protection does not extend to those who commit copyright infringement and this Court should deny the Motion for a Protective Order.**

John Doe argues that the discovery being sought violates the privacy rights of the persons who communicate online. [DE #19 Page 10]. The privacy or free speech interests of the Doe Defendants are minimal such as this case of this case. *See AF Holdings, LLC v. Does,* 1-162, 2012 WL 488217 at *3, (S.D. Fla. February 14, 2012). Individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of free speech and the First

Amendment does not necessarily protect such persons' identities from disclosure. *See Call of the Wild Movie, LLC v. Does 1-1062,* 770 F.Supp.2d 332, 349-354 (D.D.C. 2011). In determining whether a litigant may proceed anonymously requires balancing the "litigant's substantial right to privacy" with the "constitutionally embedded presumption of openness in judicial proceedings." *See Liberty Media Holdings v. Swarm Sharing Hash File,* 2011 WL 5161453, at *6 (D.Mass. October 31, 2011) (citations omitted). "Circumstances such as economic harm or mere embarrassment will not suffice to overcome the public's interest in disclosure." *See Id.*

Additionally, whatever privacy interest John Doe may have in his/her contact information is overcome by the Plaintiff's need to identify and pursue litigation against these infringers. *Arista Records LLC v. Does 1-19,* 551 F.Supp.2d 1, 8-9 (D.D.C. 2008); *Liberty Media Holdings,* 2011 WL 51643, at *7. John Doe fails to assert any sufficient privacy interest in the case herein that would fall under the peripheral of the case law and rules governing the right to privacy. Furthermore, the Court has found that any minimal privacy and speech interests are outweighed by the Plaintiff's right to identify and litigate against alleged copyright violators. *See Does/S.E.C.,* 2011 WL 4593181, at *3.

Moreover, a party seeking a protective order carries the burden of showing good cause and/or the right to be protected. *See Nathai v. Fla. Detroit Diesel-Allison, Inc.,* 2009 WL 2424570, at *1 (M.D. Fla. August 5, 2009). In all three Motions before this Court, not a single John Doe has fulfilled the burden required for the issuance of a protective order. They did not make any claims of personal right or privilege any where in their motions. (*See generally,* ECFs Nos. 11, 12 and 13).

## II. CONCLUSION

In the case herein, the Plaintiff's need for disclosure outweighs the First Amendment privacy interests here. Plaintiff's discovery requests are narrowly tailored to obtain the information Plaintiff

needs to prosecute the lawsuit. Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, i.e. the Doe Defendants' name, current and permanent address, telephone number, e-mail address, and Media Access Control address, and Plaintiff will only use that information in this lawsuit. Furthermore, the Plaintiff has no other means to obtain the Doe Defendants' identifying information other than compelling the information from ISPs. Without this information from the ISPs, Plaintiff cannot name and serve those whom they allege to have infringed upon the copyright. The Doe Defendants' identifying information is therefore critical to the Plaintiff's case.

Moreover, Plaintiff's Subpoena seeks only identifying information necessary to proceed with litigation. Upon balancing the Doe Defendant's First Amendment rights to anonymity and Plaintiff's need for the identifying information, the Court should find that the Plaintiff's need overrides the Defendant's right to use BitTorrent and to litigate anonymously.

Respectfully submitted,

**DORTA & ORTEGA, P.A.**


/s/Omar Ortega, Esq.
Florida Bar No.: 0095117
oortega@dortaandortega.com
3860 SW 8 Street, PH
Coral Gables, Florida 33134
Tel: (305) 461-5454
Fax: (305) 461-5226

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Richard M. Viscasillas, Esq.
RICHARD M. VISCASILLAS, ESQ.
3400 NE 192ND Street, #508
Aventura, FL 33180
rmvpal@comcast.net

Mitchell A. Stone, Esq.
STONE LOCKETT
1540 The Greens Way
Jacksonville Beach, FL 32250
mitch@stonelockett.com

Javier L. Gonzalez, Esq.
GONZALEZ & RODRIGUEZ, P.L.
999 Ponce De Leon Blvd., PH 1135
Coral Gables, FL 33134
jgonzalez@fr-law.net

David Fisher Tamaroff
TAMAROFF & TAMAROFF, P.A.
169 East Flagler Street, Suite 1633
Miami, FL 33131
david@tamarofflaw.com

Kabir Arjan Lalchandani
LALCHANDANI SIMON, P.L.
25 SE 2nd Avenue, Suite 1050
Miami, FL 33131
kubs@lalchandanisimon.com

/s/ Omar Ortega____________
**OMAR ORTEGA**