**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| AEROSOFT GMBH,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 – 50,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:12-cv-21489-PAS |

**JOHN DOE 17'S REPLY TO**
**PLAINTIFF'S RESPONSE IN OPPOSITION [DOC. NO. 22]**

Comes now, John Doe 17 identified by the IP address 68.59.131.101, by and through undersigned counsel, and files this Reply to Plaintiff's Response in Opposition to John Doe 17's Motions to Sever and Dismiss Defendants 2-50, Quash the Subpoena and/or Issue a Protective Order Preventing Information, and Incorporated Memorandum of Law [Doc. No. 22] ("Plaintiff's Response"). Defendant strongly contests Plaintiff's opposition to Defendant's claims that: (1) Defendants John Does 2-50 should be severed and dismissed due to misjoinder because Plaintiff's claims do not arise out of "the same transaction occurrence, or series of transactions or occurrences" (Fed. R. Civ. P. 21(A)) and joinder will result in a lack of judicial economy and prejudice the Defendants moving forward; and (2) the Subpoena should be quashed and/or a protective order preventing or limiting the disclosure of John Doe 17's personally identifying information by his Internet Service Provider ("ISP") because Plaintiff has not overcome Defendant's privacy interest in his confidential personally identifying information on record with his ISP. Defendant relies on the case law and arguments set forth in its original Memorandum of Law in support thereof. However, Defendant takes this opportunity to both

clarify and distinguish the issues and arguments raised in Plaintiff's Response regarding: (I) Defendant's standing to challenge Plaintiff's misjoinder of 50 unrelated Defendants and move for a Protective Order, and (II) Defendant's standing to move to quash the Subpoena.

## I. DEFENDANT HAS STANDING TO CHALLENGE PLAINTIFF'S MISJOINDER OF 50 UNRELATED DEFENDANT AND MOVE FOR A PROTECTIVE ORDER

As an initial matter, Plaintiff mischaracterizes Defendant's Motion for severance and dismissal of Defendants John Does 2-50 as a motion to dismiss the action under Rule 12(b). (*See* Pl.'s Resp. at 3, 5-6 [Doc. No. 22].) To be clear, Defendant requests that the Court sever Plaintiff's claims against the Defendants and drop Defendants John Does 2-50 from this lawsuit pursuant to Rule 21. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Plaintiff claims that John Doe 17 lacks standing to challenge misjoinder and move for a protective order because he "is not yet a party to this action…. John Doe has only been noticed of his or her potential status as a party defendant." (Pl.'s Resp. at 5 [Doc. No. 22].) While such an interpretation may be convenient for Plaintiff at this time, it contradicts Plaintiff's prior assertions to this court and the Federal Rules of Civil Procedure

In its Complaint Plaintiff repeatedly refers to John Does 1-50 as "Defendants." (*See generally* Compl. [Doc. No. 1].) Plaintiff does not claim that the individuals whose identities are linked with the IP addresses listed in the Complaint are "potential defendants," rather Plaintiff claims that "[t]he ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity." (Compl. at 2 [Doc. No. 1]; *see also* Pl.'s Mot. for Expedited Disc. [Doc. No. 4].) If Plaintiff's new contention, that the John Doe Defendants are actually third-parties to the action, were correct, then there would be no Defendants in this action.

In the Eleventh Circuit it is generally accepted that "there is no fictitious party practice in federal court . . . ." *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1093 n.1 (11th Cir. 1997); *see also Rommell v. Automobile Racing Club of America, Inc.*, 964 F.2d 1090, 1098 n.14 (11th Cir. 1992); *Thompson v. Bliss*, No. 8:11-cv-839-T-30TBM, slip op., 2012 WL 279238, at *3 (M.D. Fla. Jan. 31, 2012); *Rolle v. Brevard County, Florida*, No. 6:06-cv-714-ORL-19JGG, 2007 WL 328682, at *14 (M.D. Fla. 2007); *cf.* Fed. R. Civ. P. 10(a) ("[T]he title of the action shall include the names of all the parties."). Without a Defendant there would be no case or controversy for this Court to adjudicate.

Plaintiff's attempt to classify the Defendants as third-parties is a blunt attempt to rob them of due process and circumvent adverse precedent. The fact that Defendant John Doe 17 has not yet been served with process is irrelevant. Defendant was noticed of an opportunity to be heard or suffer the consequences.

## II. DEFENDANT HAS STANDING TO MOVE TO QUASH THE SUBPOENA

Federal Rule of Civil Procedure 45 requires that "the issuing court must quash or modify a subpoena that: … requires disclosure of privileged *or other protected matter*..." Fed. R. Civ. P. 45(c)(3)(A)(iii) (emphasis added). This provision has repeatedly been held to encompass federal rights of privacy. *See, e.g.*, *Schmulovich v. 1161 Rt. 9 LLC*, No. 1:07-cv-597-FLW, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) ("Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information"); *Richards v. Convergys Corp.*, Nos. 2:05-cv-790-DAK, 2:05-cv-812-DAK, 2007 WL474012, at *1 (D. Utah Feb. 7, 2007) ("a party has a personal right with respect to information contained in his personnel files sufficient to confer standing to move to quash a subpoena for his employment records served on a third party"); *Arias-Zeballos v. Tan*,

No. 1:06-1268-GEL-KN, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) ("individuals whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution"). Acts of congress, the courts, and common sense all indicate that John Doe Defendant ISP subscribers have at least some minimal standing to challenge subpoenas seeking disclosure of their confidential personally identifiable information from their non-party Internet service providers ("ISPs").

Congress mandated that subscribers be notified before disclosure of their personally identifying information on record with their ISPs because they have a privacy interest in such information and thus an implied due process right to contest its disclosure. H.R. Rep. 98-934, at *79 ("The Congress is recognizing a right of privacy in personally identifiable information collected and held by a cable company…"). The only logical reason for requiring this notice is so that the subscriber may assert his or her "right of privacy" in the personally identifiable information collected and held by their ISP by moving to quash the subpoena seeking such disclosure. This Court in its Order Granting Plaintiff's Motion has already adopted this reasoning for Expedited Discovery [Doc. No. 6], which states that "John Does 1-50 shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena)…" (Order at 4 [Doc. No. 6].)

In a similar case, the U.S. District Court for the District of Maryland recognized that "Doe defendants do have standing to quash or modify subpoenas on the grounds that the subpoena requires disclosing potentially privileged or otherwise protected matter." *Patrick Collins, Inc. v. Does 1-7*, No. 8:12-cv-95, 2012 WL 1150827, at *8 (D. Md. Apr. 4, 2012); *Third*

*Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 WL 669055, at *2 ("However minimal or exceedingly small the Doe Defendants' interests here are, parties need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party…. Accordingly, it appears that the Doe Defendants have standing to contest the subpoenas, and their motions to quash will not be denied on that basis.").

Finally, the common sense notions of substantive justice and fair play require that ISP subscribers have standing to challenge subpoenas seeking disclosure of their confidential personally identifiable information from their non-party ISPs. Non-party ISPs cannot be expected to act as the guardians of subscribers' congressionally recognized privacy interest in their personally identifying information on record with their ISP. Even if an ISP chooses to challenge these types of subpoenas, it cannot be expected to carry the burden of challenging each subpoena issued in the hundreds of similar cases currently proceeding through the courts.

Respectfully submitted,

TAMAROFF & TAMAROFF, P.A.
The Alfred I. DuPont Building
169 East Flagler Street, Suite 1633
Miami, Florida 33131
Tel: (305) 350-7440
Fax: (305) 350-7441
admin@tamarofflaw.com

By: /s/ David F. Tamaroff .
**David F. Tamaroff**
Florida Bar No. 92084
david@tamarofflaw.com
Daniel F. Tamaroff
Florida Bar No. 92083
dan@tamarofflaw.com
***Attorneys for John Doe 17***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.

By: /s/ David F. Tamaroff .
**DAVID F. TAMAROFF**